(R.D. 11495)

MANTELL EXPORT COMPANY *v.* UNITED STATES

Entry No. 827211, etc.

(Decided March 7, 1968)

*Barnes, Richardson & Colburn* for the plaintiff.
*Edwin L. Weisl, Jr.,* Assistant Attorney General, for the defendant.

WATSON, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the parties hereto, subject to the approval of the Court, as follows:

(1) That the appeals for reappraisement listed on Schedule "A", attached hereto and made a part hereof, are limited to unlacquered second-quality wooden coat hangers exported from Yugoslavia, which items have been marked "A" and initialed ME (Import Specialist's

Initials) by Import Specialist Max Eisen (Import Specialist's Name) on the invoices covered by the said appeals.

(2) That the said merchandise is not identified in the Final List published by the Secretary of the Treasury pursuant to the Customs Simplification Act of 1956, T.D. 54521, effective February 27, 1958; that the merchandise was entered for consumption subsequent to the effective date of Section 6(a) of the Customs Simplification Act, and was accordingly appraised under Section 402 of the Tariff Act of 1930, as amended.

(3) That the issues and merchandise involved herein are in all material respects similar to those involved in *Mantell Export Company* v. *United States*, R.D. 11290, etc., decided April 12, 1967; and that the record in the said case may be incorporated herein.

(4) That on or about the dates of exportation of the said merchandise, the prices at which such or similar merchandise was freely sold, or, in the absence of sales, offered for sale in the principal markets of Yugoslavia, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature, and all other expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, were $95.00 per thousand with respect to those shipments exported during the year of 1963, and $95.50 per thousand with respect to those shipments exported during the year of 1964, all less the pro rata share of the items of ocean freight and marine insurance premium as invoiced.

(5) That the appeals listed on Schedule "A" may be submitted for decision on the incorporated record and this stipulation.

On the agreed facts, I find and hold export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, to be the proper basis for the determination of the value of the merchandise here involved and that such value was $95 per thousand with respect to those shipments exported during the year of 1963, and $95.50 per thousand with respect to those shipments exported during the year 1964, all less the pro rata share of the items of ocean freight and marine insurance premium as invoiced.

Judgment will issue accordingly.